OPINION
PER CURIAM.
Appellant Michael Chornos, a pro se prisoner, appeals from the District Court’s denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
I.
In February 2008, Chornos was named in a four count indictment in the United States District Court for the Northern District of Ohio. In July 2008, after pleading guilty to count four of the indictment, Chornos was sentenced to a term of twenty-four months of imprisonment, followed by a twenty-four months of supervised release. In March 2009, Chornos filed a “motion for early release” in the District Court in which he was sentenced.
While that motion was still pending, in April 2009, Chornos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania— the District of his confinement.[1] After reviewing the motion, in which Chornos argued primarily that his due process rights had been violated when he entered his guilty plea, the District Court dismissed Chornos’ habeas petition for lack of jurisdiction.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002). Upon review, we agree with the District Court that Chornos may raise his claims only in a motion pursuant to 28 U.S.C. § 2255.
Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought in the district of sentencing pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343-44, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Further, constitutional claims may not be raised in a § 2241 petition except in unusual situations, where the remedy by motion under § 2255 would be inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir.1997). We agree with the District Court that Chornos has not demonstrated that a § 2255 motion pro *761 vides inadequate or ineffective means to raise his constitutional claims. Id.
As Chornos’ appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Chornos’ “Motion for Rule 23(b)(3) Release Pending Review of Decision” is also denied.

. Chornos is presently confined at FPC-Schuylkill.